Wright, J.,
delivered the opinion of the Court.
The note upon which the suit is brought, is made payable to the President and Directors of the Branch Bank of Tennessee, at Shelbyville, and the suit is in the name of the prin¡ cipal Bank, for the use of William Bonner. The first objection taken to the judgment, is, that the suit should have been in the name of Bonner- — in whom, it is said, the legal title is. This objection lias nothing in it. It is based upon the fact, that the note appears to be endorsed to Bonner, in the name of J. J. Jones, as agent of the Bank. Without considering *688 whether this endorsement had-, in law, the effect of placing the legal title in Bonner — it is enough to say — that conceding this to be so — he might still sue in the name of the bank, for his benefit. Trezevant v. McNeal. 2 Hum., 352.
The note was given for the rent of a tract of land — which once belonged to the defendant, John Burk. This land was sold, on the 17th of December, 1855, under a deed of trust-executed by him to John S. Fulton and purchased by Goodrich, and redeemed from him by the Bank of Tennessee, and from it by Bonner. These proceedings were all regular. While the Bank was the owner of the land, Burk, rather than be turned out of possession — yielded to pay rent and become the tenant of the Bank, and while thus in possession executed the note, and remained in the use and occupation of the land until the time of redemption expired — but never redeemed it. Upon these facts, the Circuit Judge instructed the jury in favor of the plaintiff. This was proper. Without considering the question whether, if the purchaser allow the debtor to remain in possession of the land — after his purchase, without any contract for rent, and the land be not redeemed — he has any remedy for the mesne profits accruing the intermediate time, in any form of action — either, under the force of the act of 1850, ch. 121, or of the law anterior thereto — it is sufficient to say, that undoubtedljr, he is authorised to obtain a deed and to take possession of the land — so as to receive the rents and profits in the event the land should never be redeemed, as a recompense for the use of his money ; and that, instead of ousting the debtor, he may receive him as his tenant — -thereby making the possession of the land his own— and may collect rents from him, and if he fail to redeem the land — all right to a reclamation of the rents is forever gone. If this were not so, he might — in the event of no redemption — bo wholly deprived of the use of his money for two years. Odonnell v. McMurdie, 6 Hum., 134—Kannon v. Pillow, 7 Hum., 281.
We take it, the Bank was the owner of the land and entitled to the rents during the period embraced by the note — ■ *689 not only because the jury, under a proper charge, here so found — but because the note bears date the 6th of February) 1857, and the assignment to Bonner was not made until the 1st of January, 1858. But, if this were not so — it is entirely a question between the Bank and Bonner, and with which Burk, the debtor, can have no concern — for having failed to redeem the land — his right to demand the rents never existed. They belonged — either to the Bank, or Bonner — and whichsoever way we take it — the defendants were bound to pay the note, and are protected by the recovery.
It does not appear in this record — in what manner these rents were settled between Bonner and the Bank, nor upon what consideration he became possessed of this note — whether upon the principle that the Bank — as the purchaser of the land — was entitled, upon the redemption by Bonner, to retain the rents during its period of ownership, and also to have its bid and interest; or was bound to yield the rents to him, as a redeeming creditor. If there be any thing in this question— arising under the act of 1850 — we do not decide it — as there is no issue between the Bank and Bonner — and as before remarked — it is a matter with which the defendants can have nothing to do.
It is enough here, that we are satisfied Bonner is entitled, to a recovery upon this note — either, because, in virtue of his redemption he acquired a right to the rents secured in it— the time of his redemption does not appear, or by purchase) or in some way satisfactory to the Bank ; and which it is not our province, as this record comes to us to scrutinise, became its owner ; and the defendants, because of the failure of John Burk to redeem, can have no defence against it; the act of 1850, in such a case, giving him no right to the rents.
Affirm the judgment.